IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMANDA U. LEVY,

    Plaintiff,                    No. 2:13-cv-0071 MCE DAD PS

    v.

STARBUCKS CORPORATION,         FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

        Plaintiff Amanda Levy is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)). See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's amended complaint does not contain a short and plain statement of her claim showing that she is entitled to relief. In this regard, in her amended complaint

1  plaintiff alleges that on November 13, 2012, "Defendant's male employee (Caucasian) planted
2  anthrax in her coffee . . . ." (Am. Compl. (Doc. No. 8) at 1.) Plaintiff also alleges that defendant
3  "attempted to cover up their anthrax poisoning by ordering the first set of doctors to misrepresent
4  facts." (Id. at 2.) Moreover, plaintiff alleges that she injured her hands and legs on December
5  22, 2012, "when Defendant ousted her," although it was actually two deputy sheriffs who "ousted
6  her." (Id. at 2-3.) Plaintiff also alleges that "she has been bullied all her life for not aging." (Id.
7  at 3.)

8  Plaintiff's amended complaint fails to set forth any identified claim with respect to
9  these allegations. While the amended complaint does make a passing reference to the Americans
10 with Disabilities Act, ("ADA"), plaintiff does not allege that she is disabled within the meaning
11 of the meaning of the ADA and does not allege any plausible connection between her purported
12 disability and the defendant's alleged conduct.

13 Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
14 complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
15 state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
16 Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
17 and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
18 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
19 enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at
20 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the
21 defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

22 Accordingly, plaintiff's amended complaint fails to state a claim on which relief
23 may be granted. The court has carefully considered whether plaintiff may further amend her
24 complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to
25 amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg.
26 Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake

Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the obvious deficiencies of the amended complaint noted above, the court finds that it would be futile to grant plaintiff leave to amend.

Moreover, "the court notes that this complaint appears to be one of several hundred frivolous complaints that plaintiff has filed all over the country." Amanda U. Levy v. 7-Eleven Store, No. 2:13-cv-982 JAM EFB PS, 2013 WL 2286274, at *3 (E.D. Cal. May 23, 2013). The Ninth Circuit has acknowledged the "inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." De Long v. Hennessey, 912 F.2d 1144, 1146 (9th Cir. 1990) (discussing requirements, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), for issuing an order requiring a litigant to seek permission from the court prior to filing any future suits). See also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057-62 (9th Cir. 2007).

Local Rule 151(b) provides that "[t]he provisions of Title 3A, part 2, of the California Code of Civil Procedure, relating to vexatious litigants, are hereby adopted as a procedural rule of this Court on the basis of which the Court may order the giving of security, bond, or undertaking, although the power of the court shall not be limited thereby." California Code of Civil Procedure, Title 3A, part 2, commences with § 391 and defines a "vexatious litigant" as including those persons acting in propria persona who "repeatedly files unmeritorious motions, pleadings, or other papers . . . or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." CAL. CODE CIV. PRO. § 391(b)(3).[1]

Pre-filing review orders, in which a complainant is required to obtain approval from a United States Magistrate Judge or District Judge prior to filing a complaint, can

---

[1] Under California Code of Civil Procedure § 391(b)(4), a vexatious litigant is also a person acting in propria persona who has previously been declared to be a vexatious litigant by a state court in any action based upon substantially similar facts, transaction, or occurrence.

appropriately be imposed in certain circumstances but "should rarely be filed." DeLong, 912 F.2d at 1147. See also Molski, 500 F.3d at 1057. The Ninth Circuit has articulated that the following four conditions must be met before the court enters a pre-filing review order: (1) plaintiff must be given adequate notice to oppose the order; (2) the court must provide an adequate record for review, listing the pleadings that led the court to conclude that a vexatious litigant order was warranted; (3) the court must make substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the order must be narrowly tailored. See DeLong, 912 F.2d at 1147-48; Molski, 500 F.3d at 1057-58.

To make substantive findings of frivolousness, the district court must look at "both the number and content of the filings as indicia" of the frivolousness of the litigant's claims. In re Powell, 851 F.2d 427, 431 (9th Cir. 1988). See also Moy v United States, 906 F.2d 467, 470 (9th Cir. 1990) (a pre-filing "injunction cannot issue merely upon a showing of litigiousness."). Absent "explicit substantive findings as to the frivolous or harassing nature of the plaintiff's findings," a district court may not issue a pre-filing order. O'Loughlin v. Doe, 920 F.2d 614, 618 (9th Cir. 1990).

Having reviewed plaintiff's allegations here, the undersigned will make a substantive finding of frivolousness as to the complaint filed in this action. Moreover, plaintiff is cautioned that future frivolous filings such as this may result in the recommendation that her filings be subject to a pre-filing review order.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 14, 2013 application to proceed in forma pauperis (Doc. No. 2) be denied;

2. Plaintiff's May 9, 2013 amended complaint (Doc. No. 8) be dismissed without leave to amend; and

3. This action be closed.

/////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 28, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\levy0071.ifp.den.f&rs